IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>RAMA CONSTRUCTION LLC,<br><br>      DEBTOR.<br><br>_____<br><br>NOREEN WISCOVITCH RENTAS,<br>Trustee for the Estate of<br>RAMA CONSTRUCTION LLC,<br><br>      PLAINTIFF,<br><br>      v.<br><br>EMANUELLI GROUP, LLC,<br><br>      DEFENDANT. | CASE NO. 18-00879 (EAG)<br><br>Chapter 7<br><br><br><br>ADV. PROC. NO. 20-00090<br><br><br><br>FILED & ENTERED ON 2/4/2021 |

**OPINION AND ORDER**

The chapter 7 trustee commenced this adversary proceeding against Emanuelli Group, LLC for the turnover of outstanding accounts receivable and to object to the proof of claim filed by the Emanuelli Group in the main case. The Emanuelli Group answered the complaint raising setoff as an affirmative defense and counterclaimed against the estate for money owed and again for setoff.  The trustee moves to dismiss the counterclaim, arguing that it is redundant because it is already encompassed within the complaint and the affirmative defenses raised in the answer to the complaint.  For the reasons stated below, the counterclaim is dismissed.

**I.  JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of

Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL BACKGROUND

On February 22, 2018, several creditors filed an involuntary petition under chapter 7 against Rama Construction LLC. [Bankr. Dkt. No. 1.] Rama, on May 23, 2018, voluntarily agreed to entry of the order for relief in the main case. [Bankr. Dkt. Nos. 39 & 42.] On May 31, 2018, Noreen Wiscovitch Rentas was appointed as chapter 7 trustee of the estate. [Bankr. Dkt. No. 43.] On June 5, 2018, the court entered the order for relief. [Bankr. Dkt. No. 46.]

On September 4, 2018, Emmanuelli Group filed a proof of claim in the unsecured amount of $369,356.54 for services performed and money lent pre-petition. [Claim Register No. 15-1.]

The trustee commenced this adversary proceeding on June 22, 2020. [Adv. Dkt. No. 1.] On August 19, 2020, the defendant answered the complaint and counterclaimed. [Adv. Dkt. No. 9.] On August 24, 2020, the defendant amended its proof of claim to increase the amount claimed to $379,566.20. [Claim Register No. 15-2.]

On October 9, 2020, the trustee moved the court to dismiss the counterclaim. [Adv. Dkt. No. 17.] On November 9, 2020, the defendant opposed the motion to dismiss. [Adv. Dkt. No. 23.] On November 23, 2020, the trustee replied to the defendant's opposition. [Adv. Dkt. No. 27.]

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

### III. MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6)

Rule 8(a)(2), made applicable to adversary proceedings by Bankruptcy Rule 7008, requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Failure to do so is grounds for dismissal under Rule 12(b)(6). Rule 12(b)(6) is applicable to a counterclaim. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1356 (4th ed. 2020).

In deciding a motion under Rule 12(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7012(b), the court must take a two-step approach. First, courts "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, courts "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 675 (citing Twombly, 550 U.S. at 555).

"[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Iqbal, 556 U.S. at 663-64. However, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011) (citing Twombly, 550 U.S. at 556).

## IV. FACTUAL ALLEGATIONS ACCEPTED AS TRUE FOR RULE 12(b)(6) ANALYSIS

For purposes of the Rule 12(b)(6) analysis, the court takes the following factual allegations from the counterclaim as true:

On June 5, 2017, Rama Construction hired the defendant as a resident engineer and project manager. Under the services contract executed by the parties, the defendant was entitled to a 6% management fee of the project contract value for the work performed as interim resident engineer and project manager. The defendant worked in the following projects: Las Americas Public Housing Project in Lajas, Puerto Rico; Vaqueria Tres Monjitas Parking in Coto Laurel, Ponce, Puerto Rico; and Parque Tabaiba in Ponce, Puerto Rico. Under the services contract, Rama Construction had to pay all materials, supplies, and service providers in the projects it assigned to the defendant. But Rama Construction failed to comply with its obligation, and the defendant had to pay out of its own pocket project expenses in the amount of $27,339.63.

Rama Construction owes the defendant $352,226.57 in management fees under the services contract, plus $27,339.63 in expenses for payment to suppliers and service providers for the assigned projects. The total amount owed by the estate of Rama Construction to the defendant is $379,566.20, which are due and payable.

## V. APPLICABLE LAW AND DISCUSSION

The trustee seeks dismissal of the counterclaim arguing it is redundant. She asserts that the complaint objects to the proof of claim of the Emanuelli Group. And, that the Emanuelli Group raises in its answer to the complaint setoff under section 553 as an affirmative defense. The Emanuelli Group opposes dismissal arguing that the trustee opened

4

the door to the counterclaim by including an objection to claim in the complaint. The court agrees that the counterclaim is redundant and its dismissal is proper.

Rule 13, made applicable to adversary proceedings through Bankruptcy Rule 7013, provides in general for counterclaims. Rule 13(a) establishes that a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." But, Bankruptcy Rule 7013 modifies Rule 13 by providing "that a party sued by the trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order of relief."

Here, the Emanuelli Group pleads in its answer to the complaint and in its counterclaim that: (i) the estate owes it money for services rendered prepetition and (ii) if the court finds that the Emanuelli Group owes money to the estate, said liability is subject to setoff by the amount claimed in proof of claim number 15. But under Bankruptcy Rule 7013, the counterclaim is unnecessary. The original complaint brought to the court the dispute as to the validity of the proof of claim of the Emanuelli Group, which will be decided on its merits. The Emanuelli Group has also raised setoff as an affirmative defense in its answer to complaint. "When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleading counterclaims, affirmative defenses, or anything else." Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985). See also Lassman v. Reilly (In re Feely), 393 B.R. 43, 51 (Bankr. D. Mass. 2008) (finding that counterclaim fails to satisfy the standard for plausible entitlement to relief and dismissing counterclaim as redundant of affirmative defense).

**VI. CONCLUSION**

In view of the above, the Rule 12(b)(6) motion to dismiss filed by the chapter 7 trustee [at Adv. Dkt. No. 17] is granted and partial (but not final) judgment shall be entered dismissing the counterclaim [at Adv. Dkt. No. 9].

In Ponce, Puerto Rico, this 4th day of February 2021.

Edward A. Godoy
U.S. Bankruptcy Judge